LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-07588 GAF (RZx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Perry Grays v. City of Long Beach et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

## ORDER RE: OBJECTIONS TO EXHIBITS

    This is a civil rights case in which Plaintiff contends that, on February 6, 2011, Long Beach Police officers arrested him without probable cause and used excessive force in taking him into custody.  He also alleges related state law tort violations.  The following is background to the Court's ruling on objections to Plaintiff's exhibits.

    Plaintiff contends that the defendant police officers were responding to a loud noise complaint that was actually the result of loud music being played at a neighbor's apartment.  When the officers demanded that he lower his music volume, Plaintiff claims that he complied, but that the loud music was still playing elsewhere.  When the officers again made contact with him, he demanded their badge numbers.  They ordered him out of his apartment, he complied, and when he went outside to speak with them, they used a taser on him and beat him with flashlights.

    The officers contend that, when they contacted Plaintiff, he was hostile and threatening.  When he came outside his apartment and demanded their badge numbers, they said they would give him the information but that he first had to provide his identification.  Plaintiff allegedly refused and was escorted to a patrol car to scan his fingerprints.  They applied control holds to Plaintiff, but he pulled away.  At that point they tased him.  He then physically resisted being taken into custody, and two of the officers used flashlight strikes in an attempt to subdue him.  He was also tased again, and placed in handcuffs.  He was taken to the station and booked on charges of making threats against the police officers and resisting a peace officer in the lawful execution of his duties.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-07588 GAF (RZx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Perry Grays v. City of Long Beach et al | | |

      Defendants object to the following exhibits set forth in Plaintiff's exhibit list.  The Court conducted a final pre-trial conference at which time the Court informed counsel of its tentative ruling and heard argument.  The following sets forth the Court's final ruling on the objections.

| Exhibit Number | Description | Final Ruling Ruling |
|---|---|---|
| 5 | Computer download purportedly reflecting dates, times and duration of TASER usage from 0001 on 9/26/07 through 0433 on 6/26/12. | Relevance objection is *sustained* to all but page 10 of 15, which reflects the use in this case.  The remaining entries are not relevant, but even if marginally probative admission is outweighed by the Rule 403 factors. |
| 6 | Records from Community Hospital | *Overruled* subject to Plaintiff providing appropriate foundational testimony.  The records refer to medical treatment received after the encounter with defendants and is relevant to |
| 16 | POST Training Manual, Learning Domain 20, Use of Force | *Sustained.*  This document contains voluminous information of no relevance to the case and intrudes on the Court's responsibility to instruct on the applicable law.  Its admission also creates a substantial risk of prejudice, jury confusion, and undue consumption of time.  It may be used to refresh recollection if an appropriate foundation exists. |

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-07588 GAF (RZx) | Date | October 23, 2013 |
|---|---|---|---|
| Title | Perry Grays v. City of Long Beach et al | | |

| 17 | Long Beach Police Department Policy re: Use of Force | *Overruled.* The department's policy on use of force is a relevant factor on the issue of the officer's state of mind at the time of the event. |
|---|---|---|
| 18 | Medical Bill from Community Hospital. | *Overruled.* See ruling on Exhibit 6. |
| 19 | Taser Operation Manual | *Sustained.* These documents are not relevant, but if it had any probative value at all it would be substantially outweighed by the substantial risk of prejudice, jury confusion and the undue consumption of time. It may, in an appropriate case, be used to refresh recollection. |
| 20 | Taser Product Warning | *Sustained.* See Exhibit 19 above. |
| 21 | POST Training Manual; Domain 33 | *Sustained.* See Exhibit 19 above |

**IT IS SO ORDERED.**